**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**ECF CASE**



-------------------------------------------------------x

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

         **Plaintiff**

**v.**

**RAPPAPORT HERTZ CHERSON**
**& ROSENTHAL, P.C.,**

         **Defendant.**

-------------------------------------------------------x

**CV 05 3928**

Civil Action No.

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 17 2005 ★

**BROOKLYN OFFICE**

**COMPLAINT**

**JURY TRIAL DEMANDED** SPATT, J.

LINDSAY, M.J

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of

the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to

provide appropriate relief to Melissa Castillo, who was adversely affected by such practices. As

alleged with greater particularity in paragraph seven (7), below, Castillo was subjected to sexual

harassment and constructively discharged by Rappaport Hertz Cherson & Rosenthal, P.C.

(hereinafter "Rappaport"). In addition to violating Title VII, the sexual harassment alleged herein

constitutes a violation by Rappaport of the Consent Decree entered on December 31, 2003 in

settlement of Civil Action No. 02-5259 in the U.S. District Court of the Eastern District of New

York.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343,

and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (hereinafter "EEOC" or "the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Rappaport has continuously been a corporation doing business in the State of New York and the county of Queens, and has continuously had at least fifteen employees.

5.      At all relevant times, Rappaport has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Melissa Castillo filed a charge with the Commission alleging violations of Title VII by Rappaport. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least May 2003, Rappaport has engaged in unlawful employment practices at its facility located in Queens, New York in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e. These practices include, but are not limited to, the following:

a)     Rappaport allowed an employee to subject Castillo to persistent and frequent sexual harassment, which included unwanted verbal and physical conduct that impeded her ability to perform her work.

b)     The sexual harassment culminated in an incident whereby such employee, who was present in Rappaport's offices alone after work hours, deposited semen on Castillo's phone.

c)     Although Castillo complained about the harassment, Rappaport took no effective action to eradicate it or prevent further sexual harassment in the future.

d)     As a result, Castillo was constructively discharged from her employment with Rappaport.

8.     The effect of the practices complained of above has been to deprive Melissa Castillo of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9.     The unlawful employment practices complained of above were intentional.

10.     The unlawful employment practices complained of above were in contempt of the injunction against further sexual harassment of employees by Rappaport as dictated by the terms of paragraph four (4) of the Consent Decree entered on December 31, 2003 in settlement of *Equal Employment Opportunity Commission v. Rappaport, Hertz, Cherson, and Rosenthal, P.C.*, Civil Action 02-5259 (ADS) filed in the U.S. District Court of the Easter District of New York on September 30, 2002.

11.     At all relevant times, Rappaport has acted with malice and/or reckless indifference to the federally protected rights of Melisso Castillo.

3

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.       Grant a permanent injunction enjoining Rappaport, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of sex;

B.       Order Rappaport to institute and carry out policies, practices and programs that provide equal employment opportunities for all employees, regardless of gender, and that eradicate the effects of Rappaport's past and present unlawful employment practices;

C.       Order Rappaport to make Melissa Castillo whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Rappaport's unlawful employment practices;

D.       Order Rappaport to make Melissa Castillo whole, by providing compensation for past and future pecuniary losses in amounts to be determined at trial;

E.       Order Rappaport to make Melissa Castillo whole by providing compensation for non-pecuniary losses, including pain, suffering and humiliation, in amounts to be determined at trial;

F.       Order Rappaport to provide punitive damages to Melissa Castillo for its malicious and/or reckless conduct, in amounts to be determined at trial;

G.       Issue an Order finding Defendant in contempt of the December 31, 2003 Consent Decree and issue all appropriate sanctions and remedies available;

H.       Grant such further relief as the Court deems necessary and proper;

I.       Award the Commission its costs in this action.

4

Dated: New York, New York
        August ___17___, 2005

Respectfully submitted,

Eric Dreiband
General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

Elizabeth Grossman
Acting Regional Attorney

Lisa Sirkin
Supervisory Trial Attorney

Michelle A. Caiola
Senior Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(212) 336-3702